IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00777-NRN

JOSE MILLAN OLIVAS,

    Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
ROBERT HAGAN, in his official capacity as Field Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN,[1] in his official capacity as Secretary of U.S. Department of Homeland Security; and
PAMELA BONDI, in her official capacity as Attorney General of the United States,

    Respondents.

---

**ORDER**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

    This case is before the Court on Jose Millian Olivas's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"). ECF No. 1. Petitioner is a detainee at the Denver Contract Detention Facility. *Id.* ¶ 3. The Petition challenges (1) the lawfulness of Petitioner's continued detention over 48 hours following dismissal of his criminal case, (2) his warrantless arrest by Respondents, and (3) his ongoing confinement under an improper mandatory detention classification under 8 U.S.C. § 1225(b)(2), when his

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Markwayne Mullin, in his official capacity as Secretary of U.S. Department of Homeland Security, has automatically been substituted as a party to this action.

detention is actually governed by § 1226(a). *See id.* ¶ 2. Because this is a fundamentally legal debate, there is no need for a hearing on the Petition. *See* 28 U.S.C. § 2243. For the reasons that follow, the Court **GRANTS IN PART** the Petition.

## BACKGROUND

This case is one of numerous cases in this District and across the country seeking habeas relief for immigrants detained within the United States and denied bond hearings under a new interpretation of 8 U.S.C. §§ 1225, 1226. *E.g., Vasquez Gomez v. Bondi,* No. 26-CV-00489-NRN, 2026 WL 482677 (D. Colo. Feb. 20, 2026); *Diaz Marquez v. Baltasar*, No. 26-cv-00293-CYC, 2026 WL 370864 (D. Colo. Feb. 10, 2026); *Abarca v. Baltazar*, No. 25-cv-04086-CYC, 2026 WL 309198 (D. Colo. Feb. 5, 2026); *Hernandez-Redondo v. Bondi*, No. 25-cv-03993-2 PAB, 2026 WL 290989 (D. Colo. Feb. 4, 2026); *Jimenez Facio v. Baltazar*, No. 25-cv-03592-CYC, 2025 WL 3559128 (D. Colo. Dec. 12, 2025); *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880 (D. Colo. Sept. 16, 2025); *Batz Barreno v. Baltasar*, No. 25-cv-03017-GPG-TPO, 2025 WL 3190936 (D. Colo. Nov. 14, 2025); *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650 (D. Colo. Oct. 22, 2025). Petitioner asks that he be immediately released from unlawful detention or that Respondents provide a prompt bond hearing under § 1226(a). ECF No. 1 at 21–22.

Petitioner is an 18-year-old citizen and national of Mexico who entered the United States when he was one year-old. *Id.* ¶ 20. He has lived his entire life in Cheyenne, Wyoming, where he attended school full-time and worked the night shift at Domino's pizza. *Id.* ¶ 21. The night before he was supposed to start his senior year of high school, he was arrested by Cheyenne police officers after he was observed sleeping his parked

car at a gas station. *Id.* ¶ 22. On the advice of counsel, he did not post bond and was held in custody during the pendency of his criminal case. *Id.* ¶ 24. After six months, all charges were dismissed. *Id.* ¶ 25. However, he was not released from custody; instead, he was detained for three additional days and then transferred—without a warrant—into the custody of U.S. Immigration and Customs Enforcement ("ICE"). *Id.* ¶¶ 26–28. He has been held without bond since February 5, 2026.

Petitioner first argues that his detention beyond the expiration of the regulatory 48-hour detainer period after the dismissal of his criminal charges violated his Fifth Amendment rights. Second, Petitioner states that ICE did not obtain a Form I-200, Warrant for Arrest of Alien, prior to arresting and detaining him, and did not have grounds for a warrantless arrest. Finally, Petitioner contends that he is entitled to a bond hearing under 8 U.S.C. § 1226(a).

Respondents state[2] that the Court does not have jurisdiction to decide the first two questions. As to the third, Respondents argue that Petitioner is subject to mandatory detention under § 1225(b). Respondents' statutory interpretation has been rejected by this Court as well as several other judges in this District. *See Vasquez Gomez*, 2026 WL 482677, at *2; *Jimenez Facio*, 2025 WL 3559128, at 2 (recognizing that "every decision in this District addressing the issue" has determined that § 1225(b)(2)(A) does not apply to persons, like Petitioner, who have already been residing in the United States for years). Indeed, Respondents concede

---

[2] The parties disagree on the calculation of Respondents' response deadline. However, Petitioner does not ask the Court to strike the response or otherwise argue that Respondents waived any arguments in their purportedly untimely brief. Therefore, the Court does not need to address this issue.

> that until the Tenth Circuit rules on this issue, this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision, as the facts of this case are not materially distinguishable from that case for purposes of the Court's decision on the legal issue of whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

ECF No. 9 at 3.

## ANALYSIS

A district court may grant a writ of habeas corpus to any person who demonstrates he is "in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2241. This includes "[c]hallenges to immigration detention." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004). The individual in custody bears the burden of proving that their detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). To meet that burden, Petitioner argues, in part, that 8 U.S.C. § 1226(a) applies to him; "that aliens detained under § 1226(a) receive bond hearings at the outset of detention," *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)); *see* 8 U.S.C. § 1226(a) (providing for discretionary detention); *see also* 8 C.F.R. § 1003.19 (providing framework for requesting a bond determination); and that he has received no such hearing.

As this Court and others in this District have repeatedly found in similar cases, Petitioner has met his burden showing that his continued detention without a bond hearing is unlawful. *See Diaz Marquez*, 2026 WL 370864, at *1 ("The Court remains firmly convinced that it and the other judges in the District who have addressed this issue have correctly decided those cases."). Accordingly, the Court finds that Petitioner has a statutory right to a bond hearing that has not been provided, in violation of Petitioner's Fifth Amendment substantive due process rights. *See Jimenez Facio*, 2025

WL 3559128, at *3 ("Resolution of the due-process question may be unnecessary[,] . . . [b]ut to the extent it is, 'the Court agrees with other courts that have, against substantially similar factual backgrounds, concluded that detention without a bond hearing amounts to a due process violation.'") (quoting *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *4 (D. Colo. Sept. 16, 2025)).

At this time, the Court will not reach the lawfulness of Petitioner's post-dismissal detention or his transfer to ICE custody. *See Hernandez v. Baltazar*, No. 26-cv-0276-WJM-TPO, 2026 WL 304362, at *1 n.1 (D. Colo. Feb. 5, 2026) ("Because the Court concludes that section 1226(a) controls here, it need not base its Order on whether Alvarez Hernandez's other arguments are availing."); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Should Petitioner not be released after the bond hearing, the Court may issue an order or hold a hearing on these issues.

Lastly, Petitioner requests attorney fees and costs. ECF No. 1 at 22. But D.C.COLO.LCivR 54.3(a) requires that "a motion for attorney fees . . . be supported by affidavit," and no such affidavit supported the request. Further, "a motion involving a contested issue of law shall . . . be supported by a recitation of legal authority in the motion." D.C.COLO.LCivR 7.1(d). As a result, the Court denies this portion of the Petition without prejudice. If the Petitioner chooses to file a motion for attorney fees, it must comply with all applicable rules and provide legal authority for the request. *See L.G. v. Choate*, 744 F. Supp. 3d 1172, 1187 (D. Colo. 2024).

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the Petition, ECF No. 1, is **GRANTED IN PART** as follows.

It is further **ORDERED** that

1) Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days of this Order. **If Respondents to not do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**;

2) Respondents are **ENJOINED** from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2)(A); and

3) Respondents shall file a status report within three days of Petitioner's bond hearing, stating whether he has been granted bond, and, if his request for bond was denied, the reasons for that denial.

Dated: March 10, 2026.

BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge