IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-00777-NRN

JOSE MILLAN OLIVAS,

     Petitioner,

v.

JUAN BALTAZAR, in his official capacity as Warden of the Denver Contract Detention Facility;
ROBERT HAGAN, in his official capacity as Field Office Director, Denver Field Office of U.S. Immigration and Customs Enforcement;
TODD LYONS, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, in her official capacity as Secretary of U.S. Department of Homeland Security; and
PAMELA BONDI, in her official capacity as Attorney General of the United States,

     Respondents.

---

## ORDER

---

**N. REID NEUREITER**
**United States Magistrate Judge**

For the reasons set forth on the record at the April 2, 2026 hearing and as further explained below, it is hereby ORDERED that Petitioner's Motion to Enforce Court Orders Nos. 11 and 13 (ECF No. 14) is GRANTED, and Petitioner shall be ordered released from custody.

The Court finds that the Respondents did not comply with this Court's Orders (ECF Nos. 11 and 13) requiring that Petitioner be provided with an appropriate bond hearing where Respondents bore the burden of proving by clear and convincing evidence that Petitioner's continued detention is justified due to dangerousness or flight

risk. Specifically, at the March 17, 2026 bonding hearing, the Immigration Judge ("IJ") and the counsel for the United States appeared to be operating under the misapprehension that orders from this Court—in a case where the parties had consented to magistrate judge jurisdiction—were advisory or mere recommendations as opposed to enforceable and binding. Moreover, the IJ appeared not to have read the Court's Orders. If she had, she would have known that Respondents bore the burden of proof at the bond hearing and would have been made aware of the legal authority for that burden-shifting framework. The IJ's conditional statements ("But I find that *if* the court has jurisdiction, the court declines to set jurisdiction because I find that the respondent to be a danger and a flight risk and so therefore *if* the Department bears the burden, I find that the Department has met its burden. *If* the respondent bears the burden, I find that the respondent has not met his burden. (ECF No. 14 at 18 (emphasis added)) confirm that she did not follow the Court's directives because (1) Respondents conceded on the record that the habeas order provided jurisdiction, and (2) the Court was very clear that Respondent *did* bear the burden of proof. In short, the bond hearing plainly did not comply with this Court's unambiguous (and un-appealed) final orders. The minimal effort by the government attorney to establish by "clear and convincing" evidence that Petitioner was either a danger or a flight risk, and the IJ's sua sponte raising of issues that the government had the burden to show is further evidence that Petitioner did not receive the requisite bond hearing under the conditions that were ordered.

Accordingly, it is further ORDERED that

- Respondents shall immediately release Petitioner from detention.

2

- On or before April 3, 2026, Respondents shall confirm in writing Petitioner's release from custody.

- This Court retains jurisdiction over this matter to ensure Respondents comply with this Order.

Date: April 2, 2026          BY THE COURT:

N. Reid Neureiter
United States Magistrate Judge